# UNITED STATES DISTRICT COURT

for the
Northern District of Ohio

United States of America
v.
BRUCE COPELAND (004)
*Defendant*

Case No. 3:26-cr-00219-JRK

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

- ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☑ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
- ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**
- ☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☐ **(1)** a serious risk that the defendant will flee if released; **or**
- ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Application of Any Presumption Established Above**

☐ The defendant has not rebutted the presumption.

**OR**

☑ The defendant has rebutted the presumption.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☑ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☑ Weight of evidence against the defendant is strong.
- ☑ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☑ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☑ History of alcohol or substance abuse.
- ☑ Prior criminal history.
- ☑ History of violence or use of weapons.
- ☑ Prior violations of probation, parole, or supervised release.
- ☑ Prior failure to appear in court as ordered.
- ☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☑ Participation in criminal activity while on probation, parole, or supervision.
- ☑ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

Please see attached.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: September 15, 2026

/s/ Darrell A. Clay

U.S. Magistrate Judge

*United States v. Bruce Copeland*
Northern District of Ohio, Case No. 3:26-CR-00219-004-JRK

**Statement of Reasons for Detention**

On July 8, 2026, Defendant Bruce Copeland was charged in a Superseding Indictment with (i) Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count 1), and (ii) Use of a Communications Facility in Furtherance of a Drug Trafficking Offense, in violation of 21 U.S.C. §§ 843(b) and 846 (Count 20). Following his arrest, he appeared before me for his arraignment on July 10, 2016 at which time he pled not guilty to both charges. The government moved for his detention and he consented to detention while reserving his right to request a detention hearing in the future. [ECF #45].

On September 4, 2026, Mr. Copeland filed a Motion for Release from Custody that District Judge James R. Knepp, II referred to me for disposition. [ECF #120 and non-document entry of Sept. 4, 2026]. I held a detention hearing on September 9, 2026 during which I received evidence proffered by Mr. Copeland and the government and heard argument from both sides. I then took my decision under advisement. [Non-document entry of Sept. 9, 2026].

If convicted of Count 1, Mr. Copeland faces a mandatory minimum period of imprisonment of 10 years, up to life; a fine of up to $10,000,000; a minimum period of supervised release of 5 years, up to life; and a special assessment of $100. If convicted of Count 20, Mr. Copeland faces up to 4 years of imprisonment; a fine of up to $250,000; up to 3 years of supervised release; and a $100 special assessment.

Mr. Copeland proposes to be released into the custody of his mother, L.H., to reside with her at the home she rents in Toledo. She has lived in the same home for 23 years. There are no firearms in the home. She has a criminal history consisting of a peace bond violation in 1990 and disorderly conduct convictions in 2002 and 2003. L.H. works as nurse's aide, and her schedule typically has her working 6:00 a.m. to 2:00 p.m. on varying days. However, she can be mandated to work until 9:00 p.m. if her employer is short-staffed.

Under 18 U.S.C. § 3142(g), I consider four factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Having weighed all factors under 18 U.S.C. § 3142(g), I conclude that Mr. Copeland's release is not appropriate.

*18 U.S.C. § 3142(g)(1)*

Under the first factor, I consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a federal

crime of terrorism, or involves a minor victim, controlled substance, firearm, explosive, or destructive device. The pending charges against Mr. Copeland involve allegations that he and his co-conspirators possessed and distributed 400 grams or more of fentanyl, 500 grams or more of cocaine, 10 grams or more of a fentanyl analog, and an unstated amount of cocaine base a/k/a crack cocaine. (ECF #17 at PageID 79). Each of these is a controlled substance.

The Sixth Circuit has observed that "drug trafficking is a serious offense that, in itself, poses a danger to the community," *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Thus, Mr. Copeland's potential release raises serious concerns about danger to the community. *See also United States v. Buford*, No. 3:17-CR-102, 2018 WL 1788662, at *2 (E.D. Tenn. Apr. 13, 2018) (noting that drug trafficking is considered inherently dangerous); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) ("the harm to society caused by narcotics trafficking is encompassed within Congress's definition of 'danger'").

Given the multiple types and significant quantities of controlled substances lying at the heart of the alleged conspiracy, I conclude the first factor strongly supports detention.

*18 U.S.C. § 3142(g)(2)*

Under the second factor, I consider the weight of the evidence against the person. "This factor goes to the weight of the evidence of dangerousness [or flight risk], not the weight of the defendant's guilt." *Stone*, 608 F.3d at 948; *see also United States v. Homedes*, No. 5:22-CR-00033, 2022 WL 822153, at *6 (E.D. Ky. Mar. 18, 2022) (noting that the (g)(2) factor looks "only toward the weight of flight risk evidence, not toward the weight of proof of Defendant's guilt"). "Although a prior record of violence eases the government's burden of showing dangerousness, it is not essential." *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991).

As to dangerousness, Mr. Copeland's criminal history dates back to more than 20 years to when he was age 18. He has felony convictions that include attempt to commit carrying a concealed weapon, trafficking in heroin, and aggravated trafficking in drugs (in 2015 and again in 2020). Other convictions include disorderly conduct (multiple instances); permitting drug abuse; menacing; obstructing official business (multiple instances); domestic violence; driving under the influence; attempt to commit an offense (multiple instances); person under the influence of alcohol, drugs, or a combination of both; operating a motor vehicle under the influence of alcohol; and possession of controlled substances.

There have been multiple instances in which Mr. Copeland was granted community control only to have it revoked because he failed to comply. He has been the subject of bench warrants for failing to appear. He has had periods of probation extended due to non-compliant conduct. On September 24, 2018, he successfully completed a diversion program following a conviction for disorderly conduct (amended from possession of controlled substances). But less than 60 days later, on November 16, 2018, he was charged with disorderly conduct. More recently, in June 2020, he was sentenced to 3 years of community control and 3 months of electronic monitoring following a conviction in Lucas County Common Pleas Court for aggravated

trafficking in drugs. On September 22, 2021, the Court extended his community control for 1 year, with 6 months at CTF and electronic monitoring for 60 days upon release from CTF. Then on September 25, 2024, his community control was revoked and he was sentenced to 17 months in custody.

He has repeatedly committed further offenses while on community control or probation in other courts. Indeed, beginning in 2005, there are few periods of time in which Mr. Copeland was not under some form of court supervision, yet he repeatedly committed other offenses. This strongly suggests he is not likely to change his pattern of conduct and obey conditions of release that might be imposed by this Court.

As to flight risk, if convicted, Mr. Copeland faces a potentially lengthy sentence, including a mandatory minimum sentence of 10 years, up to life. He also faces a lengthy period of supervised release. Courts recognize that a lengthy potential period of incarceration typically warrants detention because of the strong incentive it creates for a defendant to consider fleeing. *See, e.g.*, *United States v. Ouedraogo*, No. 1:08-cr-68, 2009 WL 3270076, at *3 (W.D. Mich. Oct. 8, 2009); *see also United States v. Baker*, 349 F.Supp.3d 1113, 1129 (D.N.M. 2018) (noting that defendant "faces a severe sentence if convicted, which provides an incentive for him to flee").

I conclude the second factor also warrants detention.

*18 U.S.C. § 3142(g)(3)*

Under the third factor, I consider the history and characteristics of the person. This includes "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). I also consider "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Mr. Copeland is 41 years old. He reports having lived in Toledo for his entire life. As noted above, his mother lives in Toledo; his father is deceased. Mr. Copeland told Pretrial Services he has lived with his mother for the last 14 years, although he also stayed with his girlfriend. L.H., however, stated that Mr. Copeland had not lived with her in 8 years.

Mr. Copeland is unmarried. He is the father of three children, ages 20, 18, and 5. All of them live in Toledo, and he reports weekly contact with them.

Mr. Copeland completed 11th grade, and subsequently obtained his GED in 2020 while incarcerated. He reports not having been employed for the last 44 months. L.H. said he son worked under the table, doing remodeling.

There is no information suggesting Mr. Copeland has a current or past mental health condition. He reports drinking alcohol weekly, and previously using prescription opiates with his last use in 2024. He participated in substance abuse treatment in 2022 while incarcerated. He denies any medical conditions or concerns.

Mr. Copeland's prior criminal history has been summarized above. I again note that a conviction on Count 1 exposes Mr. Copeland to a mandatory minimum of 10 years of incarceration.

Mr. Copeland's personal history and characteristics, including at least two instances of significant contradictions between what he told Pretrial Services and what L.H. said, warrant continued detention.

*18 U.S.C. § 3142(g)(4)*

Under this factor, I "look to more than whether or not the defendant himself has been guilty of physical violence," but also to the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). "Consideration of this factor encompasses much of the analysis set forth above, but it is broader in scope, as it requires the Court to engage in an open-ended assessment of the 'seriousness' of the risk to public safety." *United States v. Klein*, 533 F.Supp.3d 1, 17 (D.D.C. 2021) (internal quotations omitted). Moreover, the "danger to any person or the community" language in § 3142(g)(4) "is not limited to the danger of physical violence." *United States v. Isaacs*, 469 F.Supp.3d 801, 804 (S.D. Ohio Apr. 7, 2020).

Given Mr. Copeland's repeated criminal convictions, many of which involved drugs, I am acutely concerned that if he is released in this matter, he would continue engaging in conduct that represents a significant danger to the community. Indeed, the Sixth Circuit has noted that it "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Stone*, 608 F.3d at 947 n.6. Moreover, Mr. Copeland's apparent inability to refrain from conduct giving rise to criminal charges raises serious concerns about his willingness and ability to comply with any pretrial release conditions I might impose in this matter. *See United States v. Clark*, 448 F. Supp. 3d 1152, 1161 (D. Kan. 2020) ("Here, Mr. Clark has been unable or unwilling to remain law-abiding for most of his adult life. The court has no reason to believe that he would suddenly become compliant now.").

Location monitoring, though potentially helpful in mitigating concerns about potential flight, does not ensure an accused will avoid engaging in prohibited conduct. *See United States v. Patton*, No. 20-cr-20393, 2021 WL 267778, at *4 (E.D. Mich. Jan. 27, 2021) (noting that GPS monitoring of defendant's movements "may mitigate a concern for Defendant's future court appearances, such conditions do not ease the Court's concern of his dangerousness"). As the Second Circuit has noted:

> Home detention and electronic monitoring at best elaborately replicate a detention facility without the confidence of security such a facility instills. If the government does not provide staff to monitor compliance extensively, protection of the community would be left largely to the word of [Defendants] that [they] will obey the conditions.

*United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993) (cleaned up).

I conclude the fourth factor points to detention.

* * *

For these reasons, having considered the evidence, proffers, arguments, and all required statutory factors, I conclude detention is warranted. The government established by clear and convincing evidence that the proposed conditions do not reasonably assure the safety of the community or any other person. The government also proved by a preponderance of the evidence that the proposed conditions do not reasonably assure Mr. Copeland's appearance.